**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Ronald Dean HARRIS, Respondent.**

**No. 2010–SC–000016–KB.**

Supreme Court of Kentucky.

March 18, 2010.

## OPINION AND ORDER

The Board of Governors for the Kentucky Bar Association (KBA) has recommended that Respondent, Ronald Dean Harris, KBA Member No. 29505, with a last known bar roster address of 9021 Stonemour Way, Charlestown, Indiana 47111, be suspended from the practice of law for sixty-one (61) days for multiple counts of misconduct. We agree with the Board's rulings and adopt its recommendations.

### KBA File No. 15411

On April 4, 2005, James H. Spalding retained Harris to prepare living trust documents, at which time Spalding paid Harris $750.00. Before their next meeting, Spalding attempted to contact Harris on several occasions without success. At the meeting on February 6, 2006, the two met in Spalding's home to review and complete several documents, at which time Spalding paid Harris $800.00, for a total of $1,550.00. In spite of advising Spalding that additional trust-related documents and a quitclaim deed needed to be prepared, Harris never communicated with Spalding again. Spalding did not receive either the finalized documents or any refund of the money he paid for their completion.

On April 10, 2009, the Inquiry Commission issued a three-court charge against Harris: (1) count one alleged that Harris failed to act with reasonable diligence and promptness in representing Spalding, in violation of SCR 3.130–1.3; (2) count two alleged that Harris failed to maintain reasonable communication with Spalding, in violation of SCR 3.130–1.4; and (3) count three alleged that Harris abandoned representation of Spalding before it was complete and failed to return the unearned portion of a fee to his client, in violation of 3.130–1.16(d).

The Inquiry Commission's above charge was mailed to Harris by certified mail but was subsequently returned, marked "unclaimed." Thereafter, service of the charge was made on the Executive Director, pursuant to SCR 3.175. Though an additional reminder letter was sent and though Harris initially responded to the underlying 2007 bar complaint, he never filed an answer to the Commission's charge.

The matter first came up for review by the Board on September 18, 2009, at which time the Board was provided with a copy of an email Harris sent to the KBA at the end of the previous day. Therein, he claimed that he had "just received a package via First Class mail" notifying him of impending disciplinary action. In light of the fact that varying addresses were apparently being used by Harris for receipt of mail over the prior two years, the Board decided, by a 12 to 4 vote, to give Harris the benefit of the doubt, asking Bar Counsel to re-contact both Spalding and Harris in order to ascertain the status of the work for which Harris was retained. In addition, Harris was directed at that time to respond to all inquiries from Bar Counsel within 14 days of the mailing of such inquiries.

Bar Counsel contacted Spalding, who confirmed that Harris had never contacted him again or completed the requested work. Bar Counsel subsequently wrote Harris, requesting additional information. In spite of the Board's directive that he respond within 14 days, Harris did not respond until November 19, 2009, the day before the Board's meeting, where he again expressed confusion about the status of the case and whether he should contact Spalding.

In view of the foregoing procedural history and underlying facts, including Harris' history of dilatory conduct, untimely and incomplete responses, and his failure to respond to the charge, the Board decided to treat the matter as a default case pursuant to SCR 3.210.[1] The Board unanimously found Harris guilty on all three counts of the charge and, by a vote of 16 to 1, recommended that he be suspended from the practice of law for sixty-one (61) days. All members also recommended the following additional requirements: 1) that Harris refund $1,550.00 in fees to Spalding; and 2) that Harris pay the costs of the disciplinary proceedings.

■ Neither party has filed notice, pursuant to SCR 3.370(8), for this Court to review the Board's decision nor do we elect to review the decision of the Board pursuant to SCR 3.370(9). Therefore, we adopt the decision of the Board pursuant to SCR 3.370(10).

Accordingly, it is hereby ORDERED that:

1. Respondent, Ronald Dean Harris, is found guilty of the ethical violations described above;

2. Harris is suspended from the practice of law in Kentucky for a period of sixty-one (61) days. The period of suspension shall commence on the date of entry of this Opinion and Order;

3. Harris shall immediately refund the sum of $1,550.00 to James H. Spalding (plus interest at the legal interest rate stated in KRS 360.010,

---

1. Harris had been subject to prior discipline. On October 28, 2003, he received a private admonition for violations of SCR 3.130–1.3 (diligence) and SCR 3.130–1.4(a) (communication). In addition, on January 31, 2008, Harris was suspended for failure to pay bar dues. His record indicates that he did not respond to this Court's show cause order and he has not been reinstated to the practice of law in Kentucky since his suspension.

calculated from the date the bar complaint was filed);

4. In accordance with SCR 3.450, Harris is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $742.94, for which execution may issue from this Court upon finality of this Opinion and Order;

5. Pursuant to SCR 3.390, Harris shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Director of the KBA, assuming that this is necessary given that he was already suspended from the practice of law. Furthermore, to the extent possible and necessary, Harris shall immediately cancel and cease any advertising activities in which he is engaged; and

6. If Harris fails to comply with any of the terms of discipline as set forth herein, upon motion of the Office of Bar Counsel, the Court may impose other discipline in this matter.

All sitting. All concur.

ENTERED: March 18, 2010.

/s/ John D. Minton, Jr.
Chief Justice