**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Ronald Dean HARRIS, KBA Member No. 29505, Respondent.**

**No. 2011–SC–000123–KB.**

Supreme Court of Kentucky.

May 19, 2011.

## OPINION AND ORDER

The Kentucky Bar Association ("KBA") recommends disciplinary action against Respondent, Ronald Dean Harris, who was admitted to the practice of law in the Commonwealth of Kentucky on October 25, 1982, and whose KBA member number is 29505. Respondent's bar roster address is 9021 Stonemour Way, Charlestown, Indiana 47111.

The Inquiry Commission of the KBA charged Respondent with three violations of the Kentucky Rules of Professional Conduct in connection with his representation of Donald Cecil. Count I charged Respondent with a violation of SCR 3.130–1.3 for failing to act with reasonable diligence and promptness in providing legal services to Mr. Cecil; Count II charged him with a violation of SCR 3.130–1.4(a) for failing to maintain reasonable communication with Mr. Cecil; and Count III charged him with a violation of SCR 3.130–8.1(d) for failing to respond to a bar complaint.

Respondent was served with a copy of the Inquiry Commission's charge, but filed no answer to the alleged violation. Accordingly, under SCR 3.210(1), the Inquiry Commission ordered the record submitted to the KBA Board of Governors. The Board of Governors considered this matter on January 14, 2011. Pursuant to SCR 3.370(10), we adopt the recommendation of the Board of Governors, finding Respondent guilty on all counts and imposing a penalty as herein described.

Mr. Cecil retained Respondent in late 2004 to prepare living trust documents for him. Respondent was paid $1,200 in advance for his services. As of October 2005, Respondent still had not prepared the documents. He sent a letter to Mr. Cecil stating he had been unable to complete the work because he had been personally ill and had been caring for some dogs. On October 21, 2005, Mr. Cecil complained to the KBA's client assistance program about the lack of progress on the living trust documents and about his difficulty in communicating with Respondent. On December 21, 2005, the director of the client assistance program wrote a letter to Respondent advising him of Mr. Cecil's recent complaint.

On February 3, 2006, Respondent sent a letter to Mr. Cecil explaining that he had completed work on the deeds, one of which was enclosed with the letter, and that he would send the remaining documents "in a few days." Mr. Cecil subsequently filed a bar complaint on January 28, 2010, stating that Respondent did not finish the living trust documents or return the other deeds, and that Mr. Cecil was 75 years old and "did not need this worry."

The following is a chronological list of mailings sent to Respondent following Mr. Cecil's complaint. On February 17, 2010 and March 11, 2010, a copy of Mr. Cecil's bar complaint was mailed to Respondent at his bar roster address via certified mail. Both of these mailings were returned unclaimed.

On September 15, 2010, the charge was served at Respondent's bar roster address and was also returned unclaimed. On September 30, 2010, a piece of KBA mail concerning another matter with Respondent was returned with a change of address noted by the U.S. Post Office. The alternate address given by the post office

was 3382 N. State Road 135, Salem, Indiana 41767.

Attempts were made on both November 4, 2010 and December 3, 2010, to serve Respondent at the Salem, Indiana address, but both mailings were returned unclaimed. Also, on December 3, 2010, a charge was mailed to Respondent's bar roster address. This mailing was also returned, but with the notation that it was "not deliverable as addressed" and "unable to forward."

On December 27, 2010, a reminder letter was sent to both of Respondent's known addresses by regular mail. On January 7, 2011, the Executive Director sent a letter to both addresses advising Respondent that the Board of Governors was going to consider his case on January 14, 2011.

On January 13, 2011, Respondent sent an email to the KBA. In the email, Respondent said that on January 11, 2011, he had received both the December 27 and January 11 letters. He also said that he was completely unaware of the nature of the matter under consideration. Respondent also requested copies of the pertinent documents so that he could file a response. In addition, he requested that the Board of Governors not hear his case on January 14, 2011.

Respondent's acknowledged receipt of the December 27 and January 7 letters show that he was receiving mail from at least one of the two known addresses. Further, the fact that the returned mailings that had been sent to Respondent's Salem, Indiana address had not been stamped by the post office as "undeliverable as addressed" or "unable to forward" suggests that Respondent was receiving mail sent to that address.

The Board of Governors determined that Respondent had received the certified mail from the KBA previously sent to the Salem, Indiana address and that he had ignored it. They also concluded that Respondent had not acted in a timely manner upon receipt of the December 27 and January 7 letters. On January 14, 2011, after examining the record showing the procedural history of the present bar complaint and charge, as well as the Respondent's prior experience relating to service with the KBA, the Office of Bar Counsel, and the Board of Governors, (specifically including a pattern of sending emails to the KBA the day before the Board meetings at which his cases were to be presented, *see* *Kentucky Bar Association v. Harris,* 306 S.W.3d 26 (Ky.2010)), the Board decided to treat this as a default case.

The Board unanimously found Respondent guilty of all three counts charged by the Inquiry Commission and recommended that this Court suspend Respondent from the practice of law for a period of 181 days (consecutive to any other suspensions currently imposed). The Board also recommended that Respondent be ordered to refund the $1,200 in fees paid by Mr. Cecil and that Respondent pay the costs of this disciplinary proceeding pursuant to SCR 3.450.

Respondent's prior discipline includes a private admonition from this Court for violation of Rules 1.3 (diligence) and 1.4(a) (communication); suspension from the practice of law for 61 days by this Court for violations of Rules 1.3, 1.4, and 1.16(d) (failing to return unearned fee); and indefinite suspension by the Indiana Supreme Court for failing to cooperate with the Indiana Bar disciplinary process.

Upon the foregoing facts and Charge, this Court adopts the recommendation of the Board of Governors. Respondent, Ronald Dean Harris, KBA Member No. 29505, is hereby found guilty of violating SCR1.30–1.3, SCR 3.130–1.4(a), and SCR

3.130–8.1(d).  Accordingly, we hereby order that:

(1) Respondent, Ronald Dean Harris, KBA Member No. 29505, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of 181 days consecutive to any other suspensions currently imposed.  This period of suspension shall commence upon the date of entry of this Opinion and Order.

(2) Respondent is directed to refund $1,200 to Donald Cecil within thirty (30) days of the entry of this Opinion and Order.

(3) In accordance with SCR 3.450, Respondent is directed to pay costs associated with these disciplinary proceedings against him in the amount of $257.54, for which execution may issue from this Court upon finality of this Opinion and Order.

(4) In accordance with SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order: (a) to the extent possible, cease and desist any advertising activities in which he is engaged; and (b) notify, in writing, all courts in which he may have matters pending, and all clients, of his inability to provide further legal services, and furnish the Director of the Kentucky Bar Association with a copy of all such letters.

All sitting.  All concur.

ENTERED: May 19, 2011.

/s/ John D. Minton, Jr.
    Chief Justice